**Felipe LEMUS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77099.**

United States Court of Appeals, Ninth Circuit.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit R. 36–3.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Law Offices of Gary Finn, Indio, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Felipe Lemus, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000), and we dismiss in part and deny in part.

Lemus contends that his due process rights were violated because he was not given the opportunity to respond to the IJ's finding on changed country conditions. Because Lemus failed to exhaust this issue before the BIA, this court lacks jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Substantial evidence supports the IJ's finding that Lemus failed to establish a nexus to a protected ground because he failed to show that guerillas were interested in him for any reason other than conscription. *See Pedro–Mateo,* 224 F.3d at 1151, *see also Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987) (fear based on general conditions of unrest and a general level of violence or danger does not establish eligibility for asylum).

Because Lemus failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.